IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMA ALVARADO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-1899 |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                                                    MAY 17, 2007

Upon consideration of the brief in support of review filed by plaintiff, defendant's response thereto and his motion for summary judgment[2] and plaintiff's reply thereto (Doc. Nos. 10, 11, and 13), the court makes the following findings and conclusions:

1. On February 3, 1994, Emma Alvarado ("Alvarado") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of August 31, 1993. (Tr. 100-106). After the first hearing and August 30, 1996 decision by the ALJ and its subsequent appeal to the District Court, the case was remanded back to the ALJ pursuant to the request of the Commissioner. (Tr. 14-28; 53-99; 542-44). After the second hearing and September 8, 1999 decision by the ALJ, the case was again remanded, this time by the Appeals Council. (Tr. 560-62; 712-28; 740-43). The ALJ held a third hearing on May 24, 2002 followed by a decision on September 23, 2002. (Tr. 528-40; 877-965). On May 2, 2006, after the Appeals Council denied her request for review, Alvarado filed her complaint in this court seeking review of the ALJ's latest decision pursuant to 42 U.S.C. § 405(g). (Tr. 523-26).

2. In his September 23, 2002 decision, the ALJ concluded that Alvarado had severe impairments consisting of: depression; degenerative disc disease of the cervical spine, status post surgery; degenerative disc disease of the lumbar spine; a low IQ; bilateral carpal tunnel syndrome, status post releases; and chronic pain syndrome. (Tr. 533 ¶ 2).[3] Ultimately, the ALJ concluded that Alvarado's impairments did not meet or equal a listing, that she had the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne Barnhart as the defendant in this lawsuit.

[2] The procedural order in this case (Doc. No. 3) does not provide for the filing of summary judgment motions.

[3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

residual functional capacity ("RFC") to perform sedentary work involving simple, repetitive tasks and low stress, and that she was not disabled. (Tr. 535 ¶ 1; 537 ¶¶ 1, 4; 538 ¶¶ 4-5; 539 Findings 4, 7, 12; 540 Finding 14).

   3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

   4. Because I am unable to discern whether the ALJ's decision was supported by substantial evidence, this case must once again be remanded for further consideration. In determining that Alvarado was not disabled, the ALJ relied on the testimony of two non-examining, non-treating medical experts, Dr. Stewart Gitlow and Dr. Anne Winkler, who had reviewed the file and testified at the May 24, 2002 hearing that, *inter alia*, Alvarado exaggerated her symptoms. (Tr. 534 ¶¶ 1-2; 536 ¶ 1-3). However, in order to find that Alvarado was not disabled, the ALJ had to reject the opinions of Alvarado's two treating primary care physicians, J. Paul Clymer, D.O. and Joel Sammitt, D.O., two treating psychiatrists, Sandra Aung, M.D. and Donald Rynier, M.D., her primary treating social worker, Katherine K. Ranck, A.C.S.W., and two examining mental health physicians from the Social Security Administration, Lynnette Ruch, Ph.D. and Donald P. Masey, Psy. D., all of whom provided opinions that Alvarado had limitations which were essentially work preclusive. See (Tr. 640-43; 702; 853; 874-75 (Dr. Clymer); 700-01 (Dr. Sammitt); 466; 823-24 (Dr. Rynier); 690-92; 806 (Dr. Aung); 380-83; 466; 515 (Ranck); 545-59 (Dr. Ruch); 752-62 (Dr. Masey)). Unfortunately, in rejecting or discrediting these opinions, the ALJ merely stated that:

> Where the claimant is clearly not credible, little weight can be given to the various statements of her doctors who rely on her subjective complaints. Psychiatrists attribute her problems to physical pain. Medical doctors say it is psychological. There is not objective evidence to support that either or both components are disabling.

(Tr. 536 ¶ 6). In fact, the ALJ did not even mention by name in his opinion any of Alvarado's treating physicians, psychiatrists or therapists. It is axiomatic that generally the ALJ will give more weight to treating and examining physicians than to non-examining physicians. 20 C.F.R. §§ 404.1527(d) & 416.927(d); Morales v. Apfel,  225 F.3d 310, 317 & 320 (3d Cir. 2000)

(stating that "the ALJ [will] accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time" and "it is well established that the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him") (internal quotation marks omitted). Moreover, the ALJ "will always give good reasons in [his] notice of determination or decision for the weight [he gives the claimant's] treating source's opinion." 20 C.F.R. §§ 404.1527(d) & 416.927(d). Of course, if properly justified, an ALJ may credit a non-examining source over a treating or examining source. Morales, 225 F.3d at 317. Here, the ALJ chose to credit two non-examining sources over seven treating or examining sources without including an analysis of their records and reports.[4] It is entirely possible that the ALJ's decision to do so was supported by substantial evidence. However, I am unable to determine if that is the case as the ALJ failed to document specifically why each source should be discredited. Upon remand, the ALJ shall explicitly document why each treating or examining source was rejected and reference, *inter alia*, the lack, if any, of objective medical and clinical signs and findings supporting Alvarado's allegations and the factors listed in 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) where appropriate.[5]

The ALJ's conclusion that Alvarado was less than credible and was prone to exaggeration is supported by substantial evidence. See (Tr. 307-08; 533 ¶ 6; 534 ¶ 2; 536 ¶¶ 1-3; 548-49; 753; 756-58; 886-87; 923; 926-28). However, a question remains as to the degree of this possible exaggeration, to wit: is Alvarado disabled regardless of any exaggeration of her symptoms. As discussed above, to discount or reject every treating and examining source based upon this credibility finding bolstered by the opinions of the two non-examining medical experts was in error without an in depth discussion of why each of the treating and examining sources' opinions was not reliable.

5. Therefore, this case must be remanded in order for the ALJ to supplement his decision in a manner consistent with this opinion.

An appropriate Order follows.

---

[4] The ALJ's reliance on these two non-examining medical experts is especially troubling given that Dr. Gitlow, whom the ALJ found was "entitled to great weight" discussed that one of the major reasons he believed Alvarado was exaggerating her symptoms was because he could find no mention of hallucinations in the record other than in Dr. Masey's report. (Tr. 536 ¶ 1; 755; 885; 904). However, hallucinations are mentioned many times in the reports of Dr. Rynier, Dr. Aung and Ranck. (Tr. 571, 798, 800, 801, 808, 810, 811, 813). Upon remand, the ALJ shall take this issue into account in weighing the opinion of Dr. Gitlow.

[5] This case does not rise to the level found in Morales. I conclude that the ALJ here did not merely rely on his own credibility judgments, speculation or lay opinion in rejecting the treating physicians but instead relied on the medical evidence provided by the two medical experts during the hearing. See 225 F.3d 310, 317-318

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMA ALVARADO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-1899 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 17th day of May, 2007, upon consideration of the brief in support of review filed by plaintiff, defendant's response thereto and his motion for summary judgment and plaintiff's reply thereto (Doc. Nos. 10, 11, and 13) and having found after careful and independent consideration of the record that the Commissioner did not apply the correct legal standards and that it is unclear whether the record contains substantial evidence to support the ALJ's findings of fact and conclusions of law, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication;

2. The motion for summary judgment filed by the Commissioner is **DENIED**; and

3. The Clerk of Court is hereby directed to mark this case closed.

       Lowell A. Reed, Jr.___
       LOWELL A. REED, JR., Sr. J.